**In re Petition for DISCIPLINARY ACTION AGAINST Alton J. OLSON, an Attorney at Law of the State of Minnesota.**

No. C5–88–2263.

Supreme Court of Minnesota.

July 6, 1989.

## ORDER

The Director of Lawyers Professional Responsibility filed a petition alleging that the respondent Alton J. Olson had engaged in conduct or had failed to professionally handle legal matters referred to him to such an extent as to justify the imposition of public discipline. The respondent, represented by counsel, answered the petition after which the matter was referred to a referee. Following an extensive hearing, the referee on May 8, 1989, made comprehensive findings of fact and conclusions of law. The referee's conclusions of law appeared to be supported by the facts. He found that the respondent had forged signatures of beneficiaries in an estate, had filed false receipts, and had directed an employee to make forgeries of signatures subjecting the employee to possible penal consequences and that such conduct violated Rules 3.3(a)(1) and (4), Rule 5.3(c)(1) and Rules 8.4(a), (c) and (d), Minnesota Rules of Professional Conduct. The referee likewise found that the respondent had neglected to timely handle estate matters in at least 15 separate estates which demonstrated a pattern of neglect which violated DR 6–101(A)(3) prior to September 1, 1985 and Rule 1.3, Minnesota Rules of Professional Conduct thereafter. The referee found that the respondent had suffered from depression, that respondent had failed to establish by clear and convincing evidence that he had a severe psychological problem which was the cause of his misconduct and of his dilatory failure to handle legal business referred to him. The referee, based upon his findings of fact, and the conclusions he derived therefrom made a recommendation calling for suspension of

the respondent from the practice of law for a limited period of time and that respondent could not apply for reinstatement before complying with the requirements of the rules governing professional conduct with respect to admission to the practice of law.

Following the filing of the referee's findings, conclusions of law and recommendations, the Director and the respondent, represented by counsel, entered into a stipulation for disposition of the matter. In that stipulation the respondent conceded that the referee's factual findings and conclusions of law were fully supported by the evidence. Therefore, he waived all of his rights to further brief and have oral argument before this court. The respondent joined with the Director in recommending that this court adopt the findings of the referee. Respondent initially agreed to immediately commence procedures to wind up his law practice on or before August 1, 1989, but has since requested an extension to September 1, 1989, within which to complete the task.

The court having considered the Director's petition, the answer of the respondent, and the findings and conclusions of the referee as well as the stipulation of the parties NOW ORDERS:

1. The respondent is hereby suspended from the practice of law for a period of six months commencing September 1, 1989. It is understood that the respondent intends to voluntarily retire thereafter from the active practice of law.

2. The respondent shall comply with Rule 26 of the Rules on Lawyers Professional Responsibility which provide for the notification to remaining clients of his suspension and cessation from the practice of law.

3. Respondent, pursuant to Rule 24 of the Rules on Lawyers Professional Responsibility, shall pay to the office of the Director costs of $750 as well as disbursements of $311.90.

4. At any time following the expiration of six months from September 1, 1989, should respondent seek to end his voluntary retirement and to resume the active practice of law, he shall apply to this court for reinstatement, and prior to doing so, shall comply with all of the provisions of Rule 18, Rules on Lawyers Professional Responsibility. Additionally, respondent shall be required at the time of any reinstatement hearing to demonstrate that he has successfully completed, or is making successful progress in a program of treatment for any psychological problems he has, including depression, that might interfere with the competent practice of law.